IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| TAMMY HERCHEK, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:18-cv-00068 |
| | § | |
| ALLSTATE INDEMNITY COMPANY, | § | |
|     Defendant. | § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE HOYT:

COMES NOW Tammy Herchek (hereinafter "Plaintiff"), and complains of Allstate Indemnity Company (hereinafter "Allstate"). In support of her claims and causes of action, Plaintiff would respectfully show the Court as follows:

**I.
DISCOVERY LEVEL**

1. Plaintiff intends for discovery to be conducted pursuant to the proposed joint management and discovery plan required by Rule 26(f)(2) of the Federal Rules of Civil Procedure.

**II.
JURISDICTION AND VENUE**

2. Plaintiff does not contest Allstate's contention of Federal Jurisdiction nor removal to this Court pursuant to 28 U.S.C. § 1332. The present matter was originally filed at the State Court level. It was removed to federal court through diversity jurisdiction, pursuant to 28 U.S.C.

§ 1441. Venue is proper, as all or a substantial part of the events giving rise to this suit occurred within the city of Victoria, in Victoria County, Texas.

## III.
## PARTIES

3. Plaintiff is an individual whose residence is located in Victoria, Victoria County, Texas.

4. Defendant Allstate is a foreign corporation, duly registered with the Texas Department of Insurance to do business in Texas, which has been served with process previously, has answered through counsel, and has entered an appearance before this Honorable Court for all purposes.

## IV.
## FACTUAL BACKGROUND

5. Plaintiff is a named insured under a residential property insurance policy issued by Allstate, insurance policy no. 836691915 (hereinafter referred to as the "Policy").

6. On or about August 25, 2017, Hurricane Harvey hit the Victoria area and Plaintiff's property located at 50 Sheryl Drive, Victoria, TX 77905 (hereinafter referred to as the "Property"), was damaged. Pursuant to her obligations under the Policy, Plaintiff timely filed an insurance claim.

7. Subsequently, Allstate underpaid Plaintiff's claim.

8. The adjuster, assigned to the claim by Allstate, conducted a substandard investigation of the Property and damages, prepared a report that failed to include all of the damages that were observed during the inspection, and undervalued the damages identified during the inspection.

9. More specifically, upon acceptance of the claim by Allstate, Allstate sent out Kenneth Schwartz to perform an inspection of the Property and Plaintiff's damages. On September 7, 2017, Mr. Schwartz discovered covered damage, rendering a net claim payment amount of $20,643.94.[1] Mr. Schwartz acknowledged there was roof damage as well as visible interior damage, yet failed to conduct an inspection of the attic to confirm the extent of the damage.

10. Allstate's estimates specifically state: "Allstate is dedicated to providing you with outstanding service throughout the claim-handling process. If you have any questions regarding this estimate, or if there are differences with the estimate provided by your repair person of choice, or if additional damage is found during the repair process, please contact us at (800) 547-8676."[2]

11. Plaintiff sought several contractors to make the repairs according to Mr. Schwartz's estimate. However, all the contractors Plaintiff contacted could not do the work for the low price in Allstate's estimate. Plaintiff then made several phone calls and left messages, but neither Mr. Schwartz nor another representative of Allstate returned her calls or messages.

12. In an effort of performing her due diligence, Plaintiff sought an additional and competent opinion from Statewide Claim Services, LLC. Statewide Claim Services, LLC found that the total amount to perform this job properly was $83,079.35,[3] not $20,643.94, as Allstate represented.

---

[1] *See* Exhibit A.
[2] *Id.*
[3] *See* Exhibit B.

13. Allstate then sent out Ivan Ceballos to re-inspect the property along with Victor Stines from Statewide Claim Services, LLC on November 1, 2017. Mr. Ceballos found additional damage, but refused to include all the covered damage found at the joint inspection.

14. During this inspection, Mr. Ceballos represented to Plaintiff's representative, Mr. Stines, that his report would include certain items, but ultimately did not.[4]

15. Allstate representative named Stacy told Plaintiff her claim was closed although the claim was still being handled by adjuster Patrick Bell.

16. Moving forward, Mr. Stines and the Plaintiff both made numerous efforts to reach Allstate without any response. Finally, Allstate desk adjuster, Patrick Bell, updated Allstate's estimate again on January 2, 2018, but only increasing the total estimate by less than $1,000.

17. It is clear that Allstate's unreasonable investigation was the cause of Plaintiff's underpaid claim.

18. Further, Allstate's performance of this results-based investigation of Plaintiff's claim, led directly to a biased, unfair and inequitable evaluation of Plaintiff's losses to the Property.

19. As a result of the above issues, Plaintiff did not receive the coverage for which she had originally contracted with Allstate. Therefore, Plaintiff has been forced to file this suit in order to recover damages arising from the above-referenced conduct and from the unfair refusal to pay insurance benefits in accordance with the Policy.

20. As indicated below, Plaintiff seeks relief under the common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

---

[4] *See* Exhibit C.

## V.
## CLAIMS AGAINST DEFENDANT

21. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

22. All conditions precedent to recovery by Plaintiff have been met or have occurred.

23. All acts by Allstate were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of Allstate and were completed in its normal and routine course and scope of employment with Allstate.

### 1. BREACH OF CONTRACT

24. According to the Policy that Plaintiff purchased, Allstate had the absolute duty to reasonably investigate Plaintiff's damages, and to properly pay Plaintiff's policy benefits for the claims made due to the extensive storm-related damages.

25. As a result of the storm-related event, Plaintiff suffered extreme external and internal damages.

26. Despite objective evidence of such damages, Allstate has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiff benefits relating to the cost to properly repair Plaintiff's Property, as well as for related losses. As a result of this breach, Plaintiff has suffered actual and consequential damages.

## 2. VIOLATIONS OF THE TEXAS DTPA AND TIE-IN-STATUTES

27. Allstate's collective actions constitute violations of the Texas Deceptive Trade Practices Act, including but not limited to, Sections 17.46(b)(5), (7), (12), (24), and Sections 17.50(a)(3), (4) of the Texas Business & Commerce Code. Specifically in violation of Section 17.46(b), Allstate collectively engaged in false, misleading, or deceptive acts or practices that included, but were not limited to:

> *17.46(b)(5)* - Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which the person does not;

> *17.46(b)(7)* - Representing that goods or services are of a particular standard, quality, or grade, or that good are of a particular style or model, if they are of another;

> *17.46(b)(12)* - Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; and

> *17.46(b)(24)* - Failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

28. Moreover, and specifically in violation of Section 17.50(a), Allstate collectively engaged in the use of false, misleading and deceptive acts or practices outlined above, to which Plaintiff relied on to her detriment, in addition to engaging in the following:

> *17.50(a)(3)* - An unconscionable action or course of action; and

> *17.50(a)(4)* - Violating Chapter 541 of the Texas Insurance Code.

29. As described in this Amended Complaint, Allstate represented to Plaintiff that the Policy and Allstate's adjusting and investigative services had characteristics or benefits that it

actually did not have, which gives Plaintiff the right to recover under Section 17.46(b)(5) of the DTPA.

30. As described in this Amended Complaint, Allstate represented to Plaintiff that the Policy and Allstate's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which also stands in violation of Section 17.46(b)(7) of the DTPA.

31. By representing that Allstate would pay the entire amount needed by Plaintiff to repair the damages caused by the storm event and then not doing so, Allstate has violated Sections 17.46(b)(5), (7), (12), (24) and 17.50(a)(3) - (4) of the DTPA.

32. Allstate's actions, as described herein, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Allstate's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA.

33. Allstate's conduct, acts, omissions, and failures, as described in this Amended Complaint, are violations of Chapter 541 of the Texas Insurance Code and are unfair practices in the business of insurance in violation of Section 17.50(a)(4) of the DTPA.

34. Plaintiff is a consumer, as defined under the DTPA, who purchased insurance products and services from Allstate. Plaintiff relied upon the foregoing false, misleading, and deceptive acts or practices conducted by Allstate to her detriment. As a direct and proximate result of Allstate's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues. All of

the above-described acts, omissions, and failures of Allstate are a producing cause of Plaintiff's damages that are described in this Amended Complaint.

35. As a result of Allstate's collective actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages, for Allstate having knowingly committed its conduct. Additionally, Plaintiff is ultimately entitled to recover damages in an amount not to exceed three times the amount of mental anguish and actual damages due to Allstate having intentionally committed such conduct.

36. As a result of Allstate's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on her behalf. Accordingly, Plaintiff also seeks to recover her costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code, as well as any other such damages to which Plaintiff may show herself to be justly entitled at law and in equity.

### 3. VIOLATIONS OF TEXAS INSURANCE CODE

A. CHAPTER 541

37. Allstate's actions constitute numerous violations of the Texas Insurance Code, including Sections 541.051, 541.060(a) and 541.061. Under, Section 541.051, it is an unfair and deceptive act or practice in the business of insurance to:

> *541.051(1)(A)* - Making statements misrepresenting the terms of the policy; and
>
> *541.051(1)(B)* - Making statements misrepresenting the benefits of the policy.

38. Continuing, in violation of Section 541.060(a), Allstate engaged in certain unfair settlement practices with respect to a claim by an insured that include the following:

*541.060(a)(1)* - Misrepresenting a material fact or policy provision relating to coverage;

*541.060(a)(2)(A)* - Failing to make prompt, fair, and equitable settlement of a claim after the insurer's liability is established;

*541.060(a)(2)(B)* - Failing to promptly and fairly settle a claim under one portion of a policy in order to influence the claimant to settle an additional claim under another portion of the coverage;

*541.060(a)(3)* - Failing to promptly provide a reasonable explanation of the basis for denial of a claim or for the offer of a compromise settlement;

*541.060(a)(4)(A)* - Failing to affirm or deny coverage of a claim or to submit a reservation of rights within reasonable time;

*541.060(a)(4)(B)* - Failing to submit a reservation of rights to a policyholder;

*541.060(a)(5)* - Refusing, failing, or delaying an offer of settlement under applicable first-party coverage on the basis that other coverage may be available or that other parties may be liable for damages, unless specifically provided in the policy; and

*541.060(a)(7)* - Refusing to pay a claim without conducting a reasonable investigation of the details of the claim.

39. Further, Allstate violated Section 541.061 of the Texas Insurance Code, by committing unfair and deceptive acts or practices in the business of insurance to misrepresent an insurance policy by:

*541.061(1)* - Making an untrue statement of material fact;

*541.061(2)* - Failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

*541.061(3)* - Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact; and

*541.061(5)* - Failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of this code.

B. CHAPTER 542

40. Allstate's actions constitute numerous violations of Chapter 542 of the Texas Insurance Code, including but not limited to, Sections 542.003 and 542.055 - 542.060. Section 542.003 of the Texas Insurance Code expressly prohibits certain unfair settlement practices as they relate to claims by insured parties of insurance policies. Based upon the conduct of Allstate to date, Allstate has thus far committed the following prohibited practices:

*542.003(b)(1)* - Knowingly misrepresenting to a claimant pertinent facts or policy provisions relating to coverage at issue;

*542.003(b)(2)* - Failing to acknowledge with reasonable promptness pertinent communications relating to a claim arising under the insurer's policy;

*542.003(b)(3)* - Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies;

*542.003(b)(4)* - Not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear; and

*542.003(b)(5)* - Compelling a policyholder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder.

41. Allstate has violated Sections 542.055 - 542.058 of Chapter 542 of the Texas Insurance Code in its failure to adhere to the statutorily-prescribed deadlines in the handling, adjustment and payment of insurance claims. More specifically, Allstate committed the following violations:

*542.055(a)(1)* - Failing to acknowledge receipt of Plaintiff's claim within 15 days after Allstate received notice of Plaintiff's claim;

*542.055(a)(2)* - Failing to commence an investigation of Plaintiff's claim within 15 days after Allstate received notice of Plaintiff's claim;

*542.055(a)(3)* - Failing to request from the Plaintiff all items, statements, and forms that Allstate reasonably believes , at the time, was required from Plaintiff, within 15 days after Allstate received notice of Plaintiff's claim;

*542.056(a)* - Failing to notify Plaintiff in writing of acceptance or rejection of a claim not later than the 15th business day after the date Allstate received all items, statements, and forms required for Allstate to secure final prof of loss;

*542.057(a)* - After notifying Plaintiff that it would pay the claim, failure to pay the claim or part of a claim within the fifth business day the notice was made; and

*542.058(a)* - Failing to, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, Allstate delayed payment of the claim for a period exceeding the period more than 60 days.

42. As a result of the above-referenced violations and acts committed by Allstate, and in accordance with Section 542.06 of the Texas Insurance Code, Allstate is liable to pay Plaintiff, in addition to the amount of the claim, interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable and necessary attorney's fees. Plaintiff is also entitled to prejudgment interest on the amount of the claim, as provided by law. Interest awarded under this subsection as damages accrues beginning on the date the claim was required to be paid.

43. Since a violation of the Chapter 541 of the Texas Insurance Code is a direct violation of the DTPA, and because Allstate's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional damages in an amount not to exceed three times the amount of actual damages, for Allstate having knowingly committed such conduct.

44. Additionally, Plaintiff is entitled to recover damages in an amount not to exceed three times the amount of mental and actual damages for Allstate having intentionally committed such conduct.

45. As a result of Allstate's Texas Insurance Code violations, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on her behalf. Accordingly, Plaintiff also seeks to recover her court costs, reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code or Section 541.152 of the Texas Insurance Code and any other such damages to which Plaintiff may show herself justly entitled by law and in equity.

### 4. BREACH OF THE COMMON LAW DUTY OF GOOD FAITH AND FAIR DEALING

46. Allstate has breached its common law duty of good faith and fair dealing by underpaying Plaintiff's claim, inadequately adjusting Plaintiff's claim and failing to conduct a reasonable investigation to determine whether there was a reasonable basis for Allstate's coverage decision.

### VI.
### WAIVER AND ESTOPPEL

47. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

48. Allstate has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

## VII.
## DAMAGES

49. Allstate's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

50. More specifically, Plaintiff seeks monetary relief of no more than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

51. Furthermore, Allstate's conduct was committed knowingly and intentionally. Accordingly, Allstate is liable for additional damages under Section 17.50(b)(1) of the DTPA, as well as all operative provisions of the Texas Insurance Code. Plaintiff is, thus, clearly entitled to statutory penalty interest damages allowed by Section 542.060 of the Texas Insurance Code.

## VIII.
## ATTORNEY FEES

52. In addition, Plaintiff is entitled to all reasonable and necessary attorneys' fees pursuant to the Texas Insurance Code, DTPA, and sections 38.001-.005 of the Civil Practice and Remedies Code.

## IX.
## JURY DEMAND

53. Plaintiff demanded a jury trial and tendered the appropriate fee with her Original Petition.

# X.
# CONCLUSION AND PRAYER

54. Plaintiff prays that judgment be entered against Allstate Indemnity Company, and that Plaintiff be awarded all of her actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays she be awarded all such relief to which she is due as a result of the acts of Allstate Indemnity Company, and for all such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE VOSS LAW FIRM, P.C.**

/s/ *Chris Schleiffer*
Chris Schleiffer
Texas Bar No. 24088362
Southern District Bar No. 2516220
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile: (713) 861-0021
chris@vosslawfirm.com

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

      I hereby certify that on the **13th day of September, 2018**, a true and correct copy of the foregoing was served on all counsel of record, via the Court's electronic filing system or as indicated below, pursuant to Federal Rules of Civil Procedure 5(b), as follows:

Robert E. Valdez
Robin B. Brzozowski
Valdez and Trevino
8023 Vantage Dr., Suite700
San Antonio, Texas 78230

                                                  */s/ Chris Schleiffer*
                                                  Chris Schleiffer